SHIVERS, Judge.
This timely appeal is from an order entered June 29, 1979, which modified the Final Judgment of Dissolution of Marriage entered February 22, 1973, and found the appellant to be in contempt of court for her failure to allow appellee to visit with the parties’ minor children. We modify the order by striking the provision staying the sentence of contempt upon the condition that appellant grant appellee visitation privileges with the minor children of the parties “(a)t all other reasonable times and places upon reasonable notice by the husband to the wife,” but otherwise affirm.
Paragraph number 4 of the Order is as follows:
“The husband’s Motion for Order to Show Cause is granted and the wife is found to be in contempt of this Court for her failure to allow visitation to the husband. Sentence for this contempt is deferred however; providing that the wife afford to the husband the following visitation privileges with the minor children of the parties, to-wit:
(a) Alternate weekends from 9:00 A.M. Saturday until 6:00 P.M. Sunday, commencing Saturday, July 7, 1979, and continuing each alternate weekend thereafter.
(b) Two weeks visitation during the summer months, concurrent with the husband’s vacation, which is the last two weeks in August of 1979.
(c) One week during the Christmas Holidays, which week shall include Christmas Day on odd numbered years, commencing with Christmas 1979.
(d) At all other reasonable times and places upon reasonable notice by the husband to the wife.
To the foregoing extent paragraph 3 of the Final Judgment of Dissolution of Marriage is modified to conform therewith.”
The trial court did not err in modifying the Final Judgment.. Likewise, the trial court did not err in deferring the sentence of contempt as provided by Paragraph 4(a), (b), and (c). However, it is error for the *1205 trial court to defer the sentence of contempt on the vague provision of Paragraph 4(d). Foster v. Foster, 220 So.2d 447 (Fla.App. 3rd DCA 1969). The order is modified by striking the provision contained in Paragraph 4(d) as a condition for the deferral of the sentence for contempt. However, the portion of the Order modifying the Final Judgment to include the visitation privileges specified by Paragraph 4(d) is not disturbed.
We have carefully examined the remaining issues raised by appellant but find no other error. The Order, as modified, is AFFIRMED.
ERVIN and SHAW, JJ., concur.